## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-20056-01-CM |
| ) | |
| TAURUS D. HOYLE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

On October 6, 2010, a jury found defendant guilty of a single firearms offense. After his conviction, defendant filed a Motion for Judgment of Acquittal Notwithstanding the Verdict or, in the Alternative, for a New Trial (Doc. 49), pursuant to Fed. R. Crim. P. 29 and 33. For the reasons set forth below, the motion is denied.

**I.    Standard for Judgment**

In reviewing a motion for judgment of acquittal, the court must "review the entire record in the light most favorable to the government to determine whether the evidence is such that a reasonable jury could find the Defendant guilty beyond a reasonable doubt." *United States v. Davis*, 1 F.3d 1014, 1017 (10th Cir. 1993). A judgment of acquittal is only proper when "no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Burkley*, 513 F.3d 1183, 1190 (10th Cir. 2008). Like the jury, the court considers both direct and circumstantial evidence, as well as reasonable inferences that can be drawn from that evidence. *Davis*, 1 F.3d at 1017 (citation omitted).

-1-

An inference is "reasonable" if "logical and probabilistic reasoning" can lead to the conclusion. *United States v. Jones*, 44 F.3d 860, 865 (10th Cir. 1995) (citation omitted). Reasonable inferences must also be supported by "more than speculation and conjecture." *Id.* The court does not examine the evidence in "'bits and pieces,'" but rather evaluates the sufficiency by "'considering the collective inferences to be drawn from the evidence as a whole.'" *United States v. Nelson*, 383 F.3d 1227, 1229 (10th Cir. 2004) (quoting *United States v. Wilson*, 107 F.3d 774, 778 (10th Cir. 1997)). "[T]he evidence necessary to support a verdict need not conclusively exclude every other reasonable hypothesis and need not negate all possibilities except guilt." *United States v. Wood*, 207 F.3d 1222, 1228 (10th Cir. 2000) (quoting *United States v. Wilson*, 182 F.3d 737, 742 (10th Cir. 1999) (internal quotations omitted)). When there has been conflicting testimony, "it is for the jury to decide which witnesses to believe and which not"; the court will not reweigh the credibility of the witnesses. *United States v. Youngpeter*, 986 F.2d 349, 353 (10th Cir. 1993).

The standards for granting a new trial are not as strict as the standards for granting judgment of acquittal. Federal Rule of Criminal Procedure 33 provides that a court may grant a new trial "if the interest of justice so requires." Any error that would require reversal on appeal is a sufficient basis for granting a new trial. *United States v. Stiner*, 765 F. Supp. 663, 664 (D. Kan. 1991), *aff'd*, Nos. 91-3173, 91-3174, 1992 WL 9020 (10th Cir. Jan. 17, 1992). The jury's verdict "must be upheld unless it is clearly, decidedly or overwhelmingly against the weight of the evidence." *Escue v. N. Okla. Coll.*, 450 F.3d 1146, 1157 (10th Cir. 2006) (quoting *Black v. Hieb's Enters.*, 805 F.2d 360, 363 (10th Cir. 1986)). The decision to grant a new trial is a matter of discretion for the trial court, and it will not be disturbed absent a "plain abuse of discretion." *United States v. Troutman*, 814 F.2d 1428, 1455 (10th Cir. 1987). "Courts disfavor new trials and exercise great caution in granting them." *Id.* (internal

citations omitted). The burden of proving that a new trial is warranted rests with the defendant. *United States v. Walters*, 89 F. Supp. 2d 1206, 1213 (D. Kan. 2000).

**II.     Sufficiency of the Evidence**

The jury found defendant guilty of a violation of 18 U.S.C. § 922(g)(1), as charged in Count 1 of the indictment. That statute makes it

> unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

*Id.*

Defendant argues that there was insufficient evidence for the jury to convict him of that offense. Defendant makes three contentions in support of this motion. First, he argues that the government failed to establish that the weapon introduced in evidence met the statutory definition of "firearm" as set forth in 18 U.S.C. § 921(a)(3). Second, defendant contends that there was insufficient evidence that the firearm traveled in interstate commerce. Third, defendant argues that there was insufficient evidence of defendant's possession of the firearm.

### A.     *"Firearm" Definition*

Defendant contends that the evidence was insufficient to establish that the weapon introduced at trial was a "firearm." For purposes of this offense, "firearm" is defined by 18 U.S.C. § 921(a)(3) as:

> (A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive;
> (B) the frame or receiver of any such weapon;
> (C) any firearm muffler or firearm silencer; or
> (D) any destructive device.
> Such term does not include an antique firearm.

18 U.S.C. § 921(a)(3). The jury instructions explained the statutory elements that the government was required to prove beyond a reasonable doubt, and the statutory definition of "firearm" was provided therein to guide the jury in determining whether the government had proven those elements. (Doc. 45, Instruction No. 18.)

At trial, Officer Saunders testified that upon arriving at the scene of defendant's arrest, he recovered a silver revolver from underneath a vehicle next to where defendant was apprehended. Referring to a photograph of the weapon taken near the scene of defendant's arrest, Saunders described the firearm as a Smith & Wesson, silver in color with a wooden grip on it. Saunders found the firearm fully loaded with six rounds of ammunition, which were also admitted into evidence. He testified that the firearm could be fired just by pulling the trigger when it was fully loaded with a round in the chamber or cylinder. This is sufficient evidence for the jury to infer that the weapon met Section 921(a)(3)'s definition of "firearm." *See United States v. Smith*, 472 F.3d 752, 754 (10th Cir. 2006) (testimony from police and others about weapons "was sufficient for a reasonable juror to infer that the weapons recovered . . . were firearms within the meaning of the statute").

Further, while the government had the burden of proof for all elements of this offense, defendant did not offer evidence to render unreasonable the evidence that the weapon met the definition of a "firearm." *Cf. United States v. Reed*, 114 F.3d 1053 (10th Cir. 1997) ("Defendant proffered no evidence that he lacked knowledge that the item he possessed consisted of, at the very least, a shotgun frame, which is a statutory firearm."); *United States v. Abdul-Aziz*, 486 F.3d 471, 477 (8th Cir. 2007) (finding officer testimony about examination of firearm sufficient to establish that it met the definition of a firearm). Based on the evidence presented at trial, and viewed in the light most favorable to the government, a reasonable juror could find that the weapon was a "firearm."

### B. Interstate Commerce

Defendant next argues that there was insufficient evidence to establish that the firearm traveled in interstate commerce because the Bureau of Alcohol, Tobacco and Firearms ("ATF") agent who testified that the firearm was manufactured in Springfield, Massachusetts, did not explain how he came to that conclusion. In response, the government argues that this is a mere challenge to the credibility of the ATF agent—its "interstate nexus expert."

The Supreme Court has held that this element of 922(g)(1) is satisfied if "the firearm [has] been, at some time, in interstate commerce." *Scarborough v. United States*, 431 U.S. 563, 575 (1977). There is a "nexus" with interstate commerce when a firearm was manufactured in one state and possessed by a defendant in another state. *See United States v. Williams*, 403 F.3d 1188, 1195 (10th Cir. 2005) ("Proof that the gun was manufactured in California and possessed by [the defendant] in Kansas is sufficient to establish the nexus with interstate commerce.").

Agent Gordon Mallory, the ATF agent, testified that he is trained as a "nexus expert" to research firearms to determine what state they were manufactured in. He testified that he routinely conducts such investigations to determine whether a weapon has traveled through interstate commerce. He explained to the jury the process he uses to determine a weapon's state of origin, which includes researching periodicals and an internal ATF data base. Agent Mallory testified that the firearm was manufactured by Smith & Wesson in Springfield, Massachusetts in 1980 or 1981 and would have traveled through interstate commerce to reach Kansas.

Based on this testimony, there was sufficient evidence for the jury to reasonably conclude that the firearm had previously traveled in interstate commerce. It was reasonable for the jury to find Agent Mallory's conclusions to be credible based on his training and experience, and it is not for the Court to reconsider that credibility determination.

### C. *Defendant's Possession*

Defendant's third argument challenging the sufficiency of the evidence is that there was insufficient evidence that he possessed a firearm. Defendant argues in support that (1) there was no evidence any law enforcement officer saw him with a firearm; (2) officers did not tape record or take written statements by Ms. Hall or Ms. Bradley, two witnesses who testified that they saw defendant with a firearm; (3) the testimony by Ms. Hall and Ms. Bradley was "tainted" because they identified defendant in a photo lineup at the same time; (4) Officer Saunders did not testify that he saw blood on the firearm after he retrieved it from under an automobile; (5) there were no photographs taken of blood on the gun, cuts on defendant's hand, or the location of the gun underneath an automobile; and (6) defendant's fingerprints were not found on the gun.

The following evidence was presented at trial. Ms. Hall testified that she was inside a next-door neighbor's house when defendant, known to her as "T," came onto the front porch of that residence with a gun and refused to leave after being asked several times. Ms. Bradley, Ms. Hall's sister and housemate, heard the commotion from her own residence and came outside to find defendant waving a silver revolver on the street corner. Around this time, Ms. Hall called 911. In her 911 call, she described the gun she saw as a silver revolver. Ms. Bradley testified that she saw defendant around the same time with a silver revolver, with a long nose. Ms. Hall identified the defendant to police as wearing black pants, a black-and-white shirt, and a black cap. She flagged down the responding officers from the Kansas City, Kansas, police department and told them which direction defendant was headed. Officer Rodriguez, a community policing officer who responded to the call, testified that he located an individual matching that description at 24th and Everett. Officer Rodriguez pulled alongside defendant in his patrol car and informed defendant that he needed to talk to him. When Officer Rodriguez stopped his vehicle, defendant started to run away, holding one hand in front of him as if he was holding something. Officer Rodriguez tracked defendant as he scaled several fences, each

time grabbing hold of his waist as he came down off the fence. At the same time, Officer Saunders was in pursuit. The officers converged on defendant and ordered him to put his hands in the air. When defendant refused to comply with that order, Officer Saunders tackled him near an automobile. The officers did not immediately find a gun, but upon a search of the area, Officer Saunders located a silver revolver on the street underneath the automobile near where he tackled defendant. A photograph of the firearm, taken by an officer near the scene of the crime, was admitted into evidence.

Based on the evidence presented at trial, defendant's arguments fail. First, there was evidence that two witnesses saw defendant with the firearm. Ms. Hall and Ms. Bradley, who both knew the defendant before the day of his arrest, testified that they saw him wielding a silver revolver. Even if no *officers* saw defendant with the firearm, this evidence was sufficient for the jury to conclude that defendant possessed the firearm.

Second, it would have been proper for the jury to consider the officers' failure to take tape-recorded or written statements from these witnesses in assessing their credibility and weighing the evidence. But it was still reasonable for the jury to rely on the witnesses' recollections alone. Defendant cross-examined these witnesses on their statements and called the jury's attention to the lack of recorded statements. The court will not reweigh the jury's credibility determination in this regard.

Third, there can be no "taint" associated with Ms. Hall and Ms. Bradley's lineup identifications of defendant because they both testified that they had known the defendant for some time. Both witnesses identified the defendant in court and knew him by the nickname "T." This, too, was reasonable for the jury to consider in assigning weight to testimony.

Finally, any failure by the government to present evidence of blood or fingerprints on the gun, the location of the gun underneath an automobile, or the cuts on defendant's hand does not take away from the other evidence of defendant's possession.

Taken in the light most favorable to the government, the cumulative direct and circumstantial evidence of defendant's possession was sufficient to meet the government's burden of proof as to that element of 922(g)(1).

Accordingly, the Court determines that the evidence was sufficient to support the jury's conviction of defendant and denies defendant's motion.[1]

**IT IS THEREFORE ORDERED** that defendant's Motion for Judgment of Acquittal Notwithstanding the Verdict or, in the Alternative, For a New Trial (Doc. 49) is denied.

Dated this 15th day of February 2011, at Kansas City, Kansas.

                                                s/ Carlos Murguia
                                                **CARLOS MURGUIA**
                                                **United States District Judge**

---

[1] Defendant also states in a separately numbered paragraph that "[t]he verdict is contrary to the evidence and the law in this case." Defendant did not include further arguments to support this contention. To the extent that defendant makes that assertion as a separate basis for relief, the court denies the motion. *See United States v. Richards*, No. 08-20040-01-JWL, 2010 WL 4682326, at *3 n.2 (D. Kan. Nov. 10, 2010).